IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRITTANY COPELAND,<br><br>     Plaintiff,<br><br>v.<br><br>O'REILLY AUTOMOTIVE INC.<br>D/B/A O'REILLY AUTO PARTS,<br><br>     Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Brittany Copeland ("Plaintiff" or "Ms. Copeland"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant O'Reilly Auto Parts ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (hereinafter the "FLSA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and 29 U.S.C. § 216(b).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

4.

Defendant does business in and is engaged in commerce in the State of Georgia and is subject to jurisdiction over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PROCEDURES

5.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2021; the EEOC issued its Notice of Right to Sue on March 22, 2022.

6.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**PARTIES**

7.

Plaintiff is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

10.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

11.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 112 North Main Street, Cumming, GA, 30040, USA.

## FACTUAL ALLEGATIONS

12.

Plaintiff, Ms. Copeland, began working for Defendant on or about May 13, 2019, as a Material Handler.

13.

Ms. Copeland was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 203(e).

14.

Throughout her employment with Defendant, Ms. Copeland was paid on an hourly basis, without overtime compensation for the hours she worked in excess of 40 in work weeks.

15.

Defendant is an "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

16.

While employed by Defendant, Ms. Copeland regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40 in workweeks.

17.

Throughout Ms. Copeland's employment with Defendant, Ms. Copeland's primary duties were non-exempt work, such as collecting orders and handling outbound material.

18.

On or around July 1, 2020, Ms. Copeland informed her supervisor, Mecharvis Cleveland, that she had high blood pressure.

19.

Due to Ms. Copeland's disability, the heat in Defendant's warehouse made her sick.

20.

On or around April 27, 2021, Defendant approved Ms. Copeland's request for intermittent FMLA leave through April 27, 2022.

21.

On or around May 6, 2021, Ms. Copeland asked Defendant for a reasonable accommodation to not work longer than eight (8) hours, as her doctor provided.

22.

Defendant denied Ms. Copeland's request for an accommodation.

23.

Defendant did not engage in the interactive process.

24.

Defendant continued to schedule Ms. Copeland for 16-hour shifts.

25.

Ms. Copeland's medical documentation certified an episodic frequency of one time per month, one day per episode.

26.

Ms. Copeland had 498 hours of FMLA time available.

27.

On or around June 11, 2021, Defendant wrote-up Ms. Copeland for calling out of work and issued her two points.

28.

On June 16, 2021, Defendant terminated Ms. Copeland.

29.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Ms. Copeland was an

individual with a disability, as defined by the Americans with Disabilities Act, as amended.

30.

Defendant failed to engage in the interactive process with Ms. Copeland, even though doing so would not have been an undue hardship.

31.

Defendant terminated Ms. Copeland because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity.

32.

But for Ms. Copeland's disability status and/or request for a reasonable accommodation of the same, she would not have suffered the adverse employment action.

33.

Ms. Copeland was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

34.

Plaintiff re-alleges paragraphs 18-33 as if set forth fully herein.

35.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

36.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

37.

Defendant was aware of Plaintiff's disability.

38.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

39.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

40.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

41.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

42.

Defendant terminated Plaintiff's employment because of her accommodation requests.

43.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

44.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

45.

Defendant treated other employees outside Plaintiff's protected class differently.

46.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

47.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

48.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

49.

As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

50.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

51.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

52.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

53.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

54.

Plaintiff re-alleges paragraphs 18-33 as if set forth fully herein.

55.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

56.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

57.

Defendant was aware of Plaintiff's disability.

58.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

59.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

60.

Plaintiff requested that Defendant accommodate her disability by reducing her work schedule to 8 hours.

61.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to meaningfully engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

62.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

63.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

64.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

65.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

66.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

67.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

68.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

69.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

70.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

71.

Plaintiff re-alleges paragraphs 23-33 as if set forth fully herein.

72.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

73.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

74.

Defendant was aware of Plaintiff's disability.

75.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

76.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

77.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

78.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

79.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

80.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

81.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

82.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

83.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

84.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages,

equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

85.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

86.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT IV: VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

87.

Plaintiff repeats and re-alleges paragraphs 12-17 of this Complaint with the same force and effect as if set forth herein.

88.

Defendant has violated the FLSA, 29 U.S.C. § 201, <u>et seq</u>. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of 40 hours in given workweeks.

89.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

90.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

91.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

92.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

93.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

94.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid

overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(i) Grant Plaintiff a trial by jury as to all triable issues of fact;

(j) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

(k) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(l) Grant Plaintiff leave to add additional state law claims if necessary;

(m) Award Plaintiff such further and additional relief as may be just and appropriate; and

(n) All other relief to which she may be entitled.

Respectfully submitted this 15th day of June 2022.

**BARRETT & FARAHANY**

*/s/ Ianna O. Richardson*
Ianna O. Richardson
Georgia Bar No. 655153

*Counsel for Plaintiff Brittany Copeland*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
ianna@justiceatwork.com